## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:    AMANDA MIRENE NOEL | CASE NO. 10-51669-KMS |
| DEBTOR | CHAPTER 7 |
| IAN M. GARCINO | PLAINTIFF |
| V. | ADV. PROC. NO. 10-05074-KMS |
| AMANDA MIRENE NOEL | DEFENDANT |

**ORDER CLARIFYING ORDER
DISMISSING ADVERSARY PROCEEDING**    (Adv. Dkt. #4)

This matter came on for hearing on February 21, 2013, (the "Hearing") on the Motion to Reopen Chapter 7 Case (Dkt. No. 32) filed by Ian M. Garcino, the Chapter 7 Trustee's Response (Dkt. No. 36), and the Response to Motion to Reopen Chapter 7 Case (Dkt. No. 38) filed by debtor Amanda Mirene Noel (the "Debtor"). At the Hearing, Ian Garcino appeared without assistance of counsel, Kimberly R. Lentz, the Chapter 7 Trustee, appeared on her own behalf and James L. Farragut represented the Debtor. Having come to the attention of the Court that the order dismissing the above styled and number adversary proceeding (the "Dismissal Order") (Adv. Dkt. No. 4) does not accurately reflect the Court's ruling, the Court enters this order clarifying the Dismissal Order.[1]

On December 17, 2011, the bankruptcy clerk's office received a letter from Ian Garcino ("Garcino"), *pro se*, informing the Court that he is a creditor of the Debtor by virtue of a property settlement contained in a divorce decree that is nondischargeable under applicable bankruptcy laws. (Adv. Dkt. 1). After receiving the letter, the bankruptcy clerk's office initiated the above-

---

[1] The Court enters this order pursuant to Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, which allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in . . . an order."

styled and numbered adversary proceeding (the "Adversary") and, on December 20, 2010, issued a notice to Garcino that "in order for th[e] adversary proceeding to be administered, it [would be] necessary that an adversary proceeding cover sheet . . . and the $250.00 filing fee be filed immediately. (Adv. Dkt. No. 2). The clerk of the court did not issue a summons. On January 25, 2011, the Court entered the Dismissal Order. (Adv. Dkt. No. 4).

The Dismissal Order provided that "the Plaintiff failed to advise the Court of his intention to proceed with this Adversary" and dismissed the adversary proceeding. The language of the order does not clearly or accurately reflect the ruling of the Court and omits the designation of dismissal "without prejudice." Although the language appears to indicate otherwise, the Court's dismissal was not predicated upon a failure to prosecute the Adversary, as the summons had not been issued by the clerk of the court at the time the Adversary was dismissed. *See Vina v. Hub Elec. Co.*, 480 F.2d 1139, 1141 (7th Cir. 1973) (clerk of court not issuing summons does not constitute basis for dismissal for lack of prosecution). The Adversary was dismissed for failure to pay the filing fee and file a cover sheet–a precondition to this Court considering the merits. In this case, the Court did not dismiss the Adversary with prejudice, although such language was inadvertently omitted from the order. The Court would not have dismissed with prejudice since the basis of the action was nondischargeability under § 523(a)(15), which does not require the filing of an adversary proceeding in order for a debt owed to an ex-spouse arising from property settlement entered into as part of a divorce decree to be nondischargeable. Therefore, the order should be and is hereby amended to reflect the original intent of the Court that the dismissal was "without prejudice."

**SO ORDERED.**

Katharine M. Samson
United States Bankruptcy Judge
Dated: March 4, 2013